LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
JOSEPH P. GARIN, ESQ. (NV Bar No. 6653)
JESSICA A. GREEN, ESQ(NV Bar No. 12383)
9080 West Post Road, Suite 100
Las Vegas, NV 89148
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

Attorneys for Defendant
Cavalry Portfolio Services, LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH,<br><br>    Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br><br>    Defendant. | CASE NO. 2:13-cv-01397<br><br>**DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

  Defendant Cavalry Portfolio Services, LLC ("Cavalry"), erroneously sued as Cavalry Portfolio Services, by and through its attorneys of record, Lipson, Neilson, Cole, Seltzer & Garin, P.C. and Simmonds & Narita LLP, hereby submits this Motion to Dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

  This motion is made on the grounds that the Complaint fails to state facts sufficient to constitute a cause of action against Cavalry under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Cavalry requests that the Court grant this Motion and enter an order dismissing Plaintiff's Complaint ("Complaint") with prejudice.

/ / /

/ / /

/ / /

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other evidence and argument as may be presented at the hearing on this matter.

Dated this 20th day of September, 2013.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By /s/ Jessica A. Green
JOSEPH P. GARIN, ESQ. (NV Bar No. 6653)
JESSICA GREEN, ESQ. (NV Bar No. 12383)
9080 West Post Road, Suite 100
Las Vegas, Nevada 89148

Attorneys for Defendant
Cavalry Portfolio Services, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CAVALRY PORTFOLIO SERVICES'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)

I. **Introduction**

Plaintiff Tim Toth ("Toth") has sued Defendant Cavalry Portfolio Services, LLC ("Cavalry") for alleged "repeated violations" of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). See Complaint (Doc. No. 1), ¶ 1. Toth's claims are completely lacking in merit, and his Complaint must be dismissed because it fails to state a claim upon which relief can be granted.

Toth's FDCPA claims are based on two factual allegations: (1) that Cavalry reported his alleged debt to the credit reporting agencies ("CRAs"); and (2) that Cavalry failed to provide him "notice as required by 15 U.S.C. § 1692g." See *id*. at ¶¶ 12-13.[1]

If the Court accepts Toth's allegations as true, as it must, then the section 1692g claim fails as a matter of law. Toth has not alleged that Cavalry ever had an "initial communication"

---

[1] He also claims that Cavalry violated section 1692e by engaging in false, deceptive or misleading behavior; violated section 1692e(2) by misrepresenting the amount Toth owed; and violated section 1692e(8) by communicating false credit information. Yet Toth's Complaint does not include any factual contentions that support these claims. See *Id*. at ¶¶ 22-25.

- 2 -

with him, which is a prerequisite to Cavalry's obligation to send him the section 1692g notice. The rest of the Complaint sets forth nothing more than a recitation of the language of various sections of the FDCPA, unsupported by any concrete factual allegations. Given this, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unless Toth can explain how he can plausibly amend the Complaint to state a valid claim, the Complaint should be dismissed with prejudice and without leave to amend.

## II.    Allegations of The Complaint

Toth filed his Complaint on August 6, 2013. *See* Complaint (Doc. No. 1). Toth alleges that Cavalry "began reporting an allegedly past-due account with the credit reporting bureaus" and that "[a]t no point did [Cavalry] provide [Toth] with a notice as required by 15 U.S.C. § 1692g." *See Id.* at ¶¶ 12-13.

By allegedly reporting information about his past-due account and failing to provide him notice, Toth contends that Cavalry violated several sections of the FDCPA, specifically sections 1692e, 1692e(2), 1692e(8), and 1692g(a). *See Id.* at ¶¶ 22-25.[2]

## III.   Standard of Review Under FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure provide little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule 8, which says that a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") represent a significant shift in the analytical framework that courts must use when evaluating motions to dismiss. In *Twombly*, the Court expressly rejected the "no set of facts" test that had been articulated in

---

[2] Although it is unclear as to how it is related to him claims, Toth alleges that he "contemplated filing bankruptcy as a result of [Cavalry's] illegal conduct to stop harassing calls in the future." *See Id.* at ¶ 16. Given that Toth does not allege that Cavalry ever called him, this allegation appears to be a cut and paste error that is unrelated to this action.

- 1 -

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See Twombly*, 550 U.S. at 562-63. The Court clarified that although "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must contain factual allegations, and they "must be enough to raise a right to relief above the speculative level." *Id*. There must be sufficient facts pled to state a claim to relief that is "plausible on its face." *Id*. at 570.

The Supreme Court refined its analysis even further in *Iqbal*, reiterating that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Only a complaint that states "a plausible claim for relief" can survive a motion to dismiss. *Id*. at 679. "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . The plausability standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. A complaint that contains facts which are "merely consistent with" defendant's liability is not sufficient, because it "stops short of the line between possibility and the plausibility of entitlement to relief." *Id*. (citations and quotation marks omitted).

The Court should not assume the truth of legal conclusions in the Complaint. *Id*. Thus, the first step when evaluating a motion to dismiss is to identify the legal conclusions, because they "are not entitled to the assumption of truth. While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679. Next, with respect to any "well-pleaded factual allegations" in the Complaint "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. The determination of whether a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id*.

Dismissal is therefore proper under Rule 12(b)(6) where a court finds either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir.

2008). As the Ninth Circuit has observed: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Toth has not pled facts sufficient to support a plausible claim for relief against Cavalry under the FDCPA, consistent with the pleading requirements of Rule 8 and the decisions in *Iqbal* and *Twombly*. The Complaint must be dismissed.

## IV. Argument

### A. Toth Has Failed To Plead Facts Sufficient To State A Claim Under The FDPCA.

In his Complaint, Toth states that Cavalry committed "repeated violations" of the FRCA. *See* Complaint (Doc. No. 1), ¶ 1. Although Toth has identified various sections of the FDCPA he claims Cavalry violated, his Complaint fails to set forth any facts that might satisfy the elements of those claims.

Toth merely alleges that Cavalry violated section 1692e "in that [Cavalry] engaged in false, deceptive or misleading behavior in connection with the collection of a debt;" section 1692e(2) "in that [Cavalry] misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor;" section 1692e(8) "in that [Cavalry] communicated or threatened to communicate false credit information, including the failure to communicate that the Debt was 'disputed,' in an attempt to collect a debt;" and section 1692g "in that [Cavalry] failed to send a notice, as required by [section 1692g(a)], to Plaintiff within five days of the report being made to the credit bureas [sic]." *See Id.* at ¶ 22-25. These conclusory statements, through which Toth simply parrots the language of the FDCPA, are insufficient to allege a cognizable claim under the FDCPA.

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e. Section 1692e(2) prohibits debt collectors from misrepresenting "the character, amount, or legal status of any debt." *See Id.* at § 1692e(2). Section 1692e(10) prohibits debt collectors

from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *See Id.* at § 1692e(10). Toth has not described any efforts that Cavalry allegedly took to try to collect a debt from him that were false, deceptive, or misleading, let alone any actions where Cavalry misrepresented the character, amount, or legal status of any debt or where Cavalry communicated any false information regarding the debt.[3] The allegations of his Complaint are wholly insufficient. *See, e.g., Myers v. Stoneleigh Recovery Assocs.*, 2012 WL 1356752, **4-5 (E.D. Cal. Apr. 18, 2012) (granting motion to dismiss claims under §§ 1692d, 1692e(5), and 1692f where plaintiff merely recited elements of statutes and did not allege any facts in support of claims).

Toth's allegations demonstrate that he does not have a valid claim under section 1692g of the FDCPA. Section 1692g(a) mandates that a collector must provide the consumer with a written notice setting forth the consumer's right to dispute the debt "[w]ithin five days after its **initial communication with a consumer** in connection with the collection of any debt," or "in the initial communication" itself. *See* 15 U.S.C. § 1692g(a) (emphasis added).[4] The plain language of section 1692g provides that a collector need not send the notice until five days after the collector has actually had the first "communication" directly "with a consumer" concerning the debt. The Act is crystal clear on this point: it does not say the notice must be provided within five days of any "attempted" communication with the consumer, nor does it say

---

[3] The only conduct Toth complains of is Cavalry's alleged reporting of information to the CRAs and its alleged failure to provide him notice. As explained below, a debt collector may report information to the CRAs, and Cavalry's reporting is not considered an "initial communication" with the consumer that triggers the notice requirements under section 1692g.

[4] The notice must convey, *inter alia*, the following:

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(3, 4).

the notice must be given within five days of a communication with a third party. Courts have recognized that the section 1692g requirements are not trigger until the collector actually communicates "with a consumer." *See, e.g., Edeh v. Aargon Collection Agency, LLC*, 2011 WL 2963855, *4 (D. Minn. June 20, 2011) *report and recommendation adopted*, 2011 WL 2910750 (D. Minn. July 20, 2011) ("The definition of 'consumer' does not include credit reporting agencies, which are business entities rather than 'natural person[s].'")

Toth does not claim that Cavalry ever communicated with him. Rather, he claims that Cavalry "failed to send a notice, as required by [section 1692g(a)], to Plaintiff within five days of the report being made to the credit bureas [sic]." *See* Complaint (Doc No 1) at ¶ 25. Thus, he seeks to impose requirements on Cavalry that do not exist. Numerous courts have recognized that communications with consumer reporting agencies or other third parties do not trigger an obligation to send the section 1692g notice to the consumer. *See, e.g., Robinson v. TSYS Total Debt Managment, Inc.*, 447 F. Supp. 2d 502, 508-09 (D. Maryland 2006) (summary judgment for defendant on § 1692g claim: allegation that Defendant "communicated the debt to Plaintiff's credit report," thus triggering obligation to send § 1692g notice, does not support § 1692g claim "because it is not a communication with a consumer"); *Horvath v. Premium Collection Servs., Inc.*, 2010 WL 1945717, *4 (D. Ariz. May 13, 2010) (unpublished) (dismissing claim under section 1692g; first amended complaint failed to allege debt collector ever communicated with plaintiff); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) (dismissing § 1692g claim where plaintiff only alleged communications between defendant and consumer reporting agencies); *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143, *4 (N.D. Ind. May 5, 2006) (granting summary judgment on § 1692g claim where all communications were with debtor's attorney, not with debtor).

The notice requirements under § 1692g were never triggered, so Toth's section 1692g claim fails as a matter of law. *See Edeh*, 2011 WL 2963855 at *4 ("Thus, the [CRAs] are not "consumers" under the FDCPA, and [defendant's] reporting of the debt to these agencies did not trigger any notification obligations under § 1692g(a)."). None of the other conclusory allegations in the Complaint support a valid claim.

## V. Conclusion

For the foregoing reasons, Cavalry respectfully requests that the Court issue an Order dismissing the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unless Toth demonstrates in advance that he can amend his Complaint to state a valid claim, the Complaint should be dismissed with prejudice.

Dated this 20th day of September, 2013.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By /s/ Jessica A. Green
_____
JOSEPH P. GARIN, ESQ. (NV Bar No. 6653)
JESSICA A. GREEN, ESQ. (NV Bar No. 12383)
9080 West Post Road, Suite 100
Las Vegas, Nevada 89148

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2013, service of the foregoing **DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ.P.5(b)(3), and Local Rule 5-4, as follows:

George Haines, Esq.
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
*Attorneys for Plaintiff*

/s/ signature

An employee of
LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.