George H. Haines, Esq.
Nevada Bar No. 9411
David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 130
Las Vegas, NV 89123
Telephone: (702) 880-5554
Facsimile: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIM TOTH,<br><br>            Plaintiff,<br><br>      v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC; and Does 1-10, inclusive,<br><br>            Defendant(s). | Case No.: 2:13-CV-01397<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

COMES NOW the Plaintiff, Tim Toth, by and through his attorneys of record, Haines & Krieger, LLC, and hereby submits Plaintiff's Response to Defendant Cavalry Portfolio Services, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) ("Response").

This Response is made and based upon all of the pleadings and papers on file with the Court, the attached Memorandum of Points and Authorities, and any further evidence and oral argument this Court may deem necessary.

DATED this   26th   day of September, 2013.

                                                            HAINES & KRIEGER, LLC


                                                            By /s/ David Krieger
                                                                David Krieger, Esq.
                                                                Nevada Bar No. 9086
                                                                8985 S. Eastern Ave., Suite 130
                                                                Las Vegas, NV 89123
                                                                *Attorney for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     SUMMARY**

On September 20, 2013, Defendant Cavalry Portfolio Services, LLC ("Cavalry"), filed a Motion to Dismiss ("Motion" or "Defendant's Motion") based on Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes this Motion as Plaintiff properly pled multiple claims for relief in his Complaint.  Accordingly, Defendant's Motion lacks merit and should therefore be denied.

**II.    APPLICABLE LAW**

Rule 12(b)(6) provides that parties may assert, by motion, a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove **no set of facts** in support of his claim which would entitle him to relief" [emphasis added].  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, the Supreme Court stated "under Federal Rule of Civil Procedure 8(a)(2), a complaint must simply contain a 'short and plain statement of the claim showing that the pleader is entitled to relief. [D]etailed factual allegations' are not required." 550 U.S. at 663 (2007).  However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." 550 U.S. at 563.  The Court in *Twombly* added that "we do not required heightened fact pleading specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 569.  In the more recent case *Ascroft v. Iqbal*, 566 U.S. 662 (2009), the Court further elaborated on the test: "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its fact.'" 556 U.S. at 663.

Plaintiff's complaint pleads sufficient facts meeting the above standard and the Motion to Dismiss should be denied.

/ / /

/ / /

/ / /

### III. ARGUMENT

#### A. THE FAIR DEBT COLLECTION PRACTICES ACT

The Fair Debt Collection Practices Act ("FDCPA") is a strict liability statute. Proof of only one violation is sufficient to support judgment for the Plaintiff. *Bentley v. Great Lakes Collection Bureau, Inc.,* 6 F.3d 60 (2d Cir. 1993). Further, the FDCPA is liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993).

The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "At the outset, it should be emphasized that the use of any false, deceptive, or misleading representation in a communication with a debtor violates the FDCPA regardless of whether the representation in question violates a particular subsection of that provision." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).

In the instant case, Defendant has violated both "technical" and substantive provisions of the FDCPA and Plaintiff's complaint set out a claim for Defendant's FDCPA violations.

#### B. VIOLATION OF 15 U.S.C. § 1692G

Defendant's Motion argues that Plaintiff's claims under 15 U.S.C. § 1692g must fail as a matter of law because "Toth has not alleged that Cavalry ever had an initial communication with him, which is a prerequisite to Cavalry's obligation to send him the section 1692g notice." *See* **Dkt # 6**, pgs. 2-3, lines 24-26.[1] Defendant supports their argument with an unpublished case from outside this jurisdiction, which states "[t]he definition of 'consumer' does not include credit reporting agencies, which are business entities rather than 'natural person[s].'" *Id*. citing to *Edeh v. Argon Collection Agency, LLC*, 2011 WL 2963855 (D. Minn. June 20, 2011).

Defendant's arguments in this regard must fail for two reasons. First, there is a split of authority on what qualifies as a "communication" for purposes of invoking the requirements of 15 U.S.C. § 1692g. *Nicholas v. Byrd*, 435 F.Supp.2d 1101, 1106 (D. Nev. 2006). Contrary to the non-binding case law provided in Defendant's Motion, the District Court of Nevada adopted

---

[1] Dkt # refers to the court docket number assigned to the particular document filed in this case.

the reasoning applied by the 7th and 2nd Circuits, which defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id*. citing to *Goldman v. Cohen*, 445 F.3d 152, 155 (2nd Cir. 2006). Accordingly, Defendant's argument fails in this aspect.

Second, Plaintiff is not arguing that the credit bureau is the "consumer" for purposes of invoking the requirements of 15 U.S.C. § 1692g. Instead, Plaintiff asserts that the Defendant used the credit reporting bureaus as a "medium" for conveying or communicating information to the actual consumer, the Plaintiff. The act of using the credit reporting bureaus as a vehicle for conveying information to the Plaintiff subjected Defendant to the requirements of the 15 U.S.C. § 1692g's notice requirement.

At no point has Defendant suggested that the 15 U.S.C. § 1692g(a) requirements were satisfied by Defendant through mailing the Plaintiff the required notices. Therefore, Plaintiff has pled a well drafted claim for relief based on a violation of 15 U.S.C. § 1692g and Defendant's Motion should be denied. At the very least, there remain factual issues to be determined by a jury and the Defendant's Motion must be denied.

### C.     VIOLATIONS OF 15 U.S.C. § 1692E

Defendant argues that Plaintiff failed to provide sufficient facts to support a claim for relief under 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(8).

It is not unusual for one action by a defendant to violate multiple provisions of the FDCPA. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1517, n. 10 (9th Cir. 1994). Under these circumstances, Defendant's reporting to the credit bureaus is the only fact necessary to support a claim for relief under several subsections of 15 U.S.C. 1692e. For instance, reporting to a credit bureau without giving Plaintiff the proper notice is argued to be deceptive behavior in connection with the collection of a debt, satisfying 15 U.S.C. § 1692e. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of the Debt owed by Plaintiff to the credit bureaus. This is evidenced by Defendant's failure to provide Plaintiff a fair opportunity to dispute the validity or amount of the Debt as required by 15 U.S.C. § 1692g. Finally, Defendant violated 15

U.S.C. § 1692e(8) by communicating information to the credit bureaus without providing Plaintiff a sufficient opportunity to object or request validation of the reported debts.

Based on the application of the facts presented in the Complaint to the statutory requirements of 15 U.S.C. § 1692e, Plaintiff is entitled to relief based on the Complaint and Defendant's Motion should be denied. In the event the Court is persuaded to grant Defendant's Motion, Plaintiff requests leave to amend his complaint.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion should be denied in entirety.

DATED this 26th day of September, 2013.

HAINES & KRIEGER, LLC

By /s/ David Krieger
David Krieger, Esq.
Nevada Bar No. 9086
8985 S. Eastern Ave., Suite 130
Las Vegas, NV 89123
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the  26th  day of September 2013, I caused the attached **PLAINTIFF'S RESPONSE TO DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** to be mailed, through the United States Mail, postage prepaid, to the following address:

**LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.**
**c/o Jessica A. Green, Esq.**
**9080 West Post Road, Suite 100**
**Las Vegas, NV 89148**

/s/ Brian M. Boyer
An employee of Haines & Krieger, LLC