LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
JOSEPH P. GARIN, ESQ. (NV Bar No. 6653)
JESSICA A. GREEN, ESQ. (NV Bar No. 12383)
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@lipsonneilson.com
jgreen@lipsonneilson.com

CHRISTOPHER M. SPAIN (CA SBN 265465)
*(Pro Hac Vice Pending)*
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
cspain@snllp.com

Attorneys for Defendant
Cavalry Portfolio Services, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH,<br><br>         Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br><br>         Defendant. | CASE NO. 2:13-cv-01397<br><br>**DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

I. **Introduction**

In his Opposition, Plaintiff Tim Toth ("Toth") seeks to confuse the general definition of a "communication" set forth in section 1692a(2) of the FDCPA[1] with the narrower definition of an "initial communication" contained in section 1692g(a) of the FDCPA. The plain language of section 1692g(a) requires that an "initial communication" must be "with a consumer." In other words, an "initial communication" cannot be accomplished indirectly through a consumer reporting agency, as Toth urges. Only the "initial communication with a consumer" triggers the notice requirements under section 1692g.

Toth mistakenly argues that any "communication" through any "medium" triggers the collector's duty to provide the notice under 1692g, and that Cavalry was required to send him a section 1692g notice because it used the consumer reporting agencies as a "vehicle" to convey information to him. He is wrong. If Toth's theory were embraced, there would be no way for a collector to know when to send the section 1692g notice, because the collector could not know when, if ever, the consumer reporting agency sent any information to the consumer. The authority Toth relies on in his Opposition does not support his argument and is no longer good law. Only the "initial communication with the consumer" triggers the notice requirements.

The Opposition shows that Toth cannot allege that Cavalry ever had an "initial communication" directly with him, which is a prerequisite to Cavalry's obligation to send him the section 1692g notice. Therefore, his claims under section 1692g fail. In addition, his derivative claims under sections 1692e, 1692e(2), and 1692e(8), are not supported by any independent allegations, and they all fail as well.

Although Toth states as an afterthought at the end of his brief that he would amend his complaint if given leave, he has not explained how he could amend to state a valid claim. Accordingly, Cavalry's Motion for Dismiss must be granted, without leave to amend.

---

[1] The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## II. **Argument**

Toth argues the "act of using the credit reporting bureaus as a vehicle for conveying information to [Toth] subjected [Cavalry] to the requirements of 15 U.S.C. § 1692g's notice requirement." See Opposition (Doc. No. 9), p. 4:8-10. He does not allege in his Complaint, nor does he state in his Opposition, when Cavalry allegedly began reporting information about him to the consumer reporting agencies. Nor does state when the consumer reporting agencies allegedly conveyed any information to him, or what information was conveyed. Nor does he explain how Cavalry would have known that any information had been conveyed to him by the consumer reporting agencies. In other words, there are no allegations reflecting how Cavalry went about using the consumer reporting agencies as a "vehicle" for communicating with him.

In any event, Toth's "vehicle" theory fails. Section 1692g(a) clearly states that the "initial communication" must be "with the consumer." 15 U.S.C. § 1692g(a). The plain language of 1692g(a) contradicts Toth's argument that the initial communication can be made indirectly using a "vehicle" such as the credit reporting agencies. Not surprisingly, Toth does not cite to a single case to support this argument.

Toth relies on *Nichols v. Byrd*, 435 F. Supp. 2d 1101 (D. Nev. 2006) to argue that there is a "spilt of authority" as to "what qualifies as a 'communication' for purposes of invoking the requirements" of section 1692g. *Nichols* does not reflect any "split of authority" on that point, and it is completely distinguishable from this case. If anything, *Nichols* supports Cavalry's argument that the "initial communication" must be made directly to a consumer.

The question in *Nichols* was whether a lawsuit filed by a collection attorney could be an "initial communication" within the meaning of section 1692g. The defendant had filed a collection complaint and directly served the consumer with a summons. See *Nichols*, 435 F. Supp. 2d at 1103. The Court held that the defendant's initiation of a lawsuit by serving a summons directly to the consumer was an "initial communication" with the consumer that triggered the notice requirements under section 1692g. See *Id.* at 1106.

///

*Nichols* did not involve any credit reporting conduct by a debt collector, nor was there an allegation that the defendant's obligations under section 1692g were triggered because it communicated with the plaintiff indirectly. The complaint was served directly on the consumer. Here, Cavalry did not file or serve a lawsuit on Toth, nor did it communicate directly with him at any point. Unlike *Nichols*, this case does not concern whether a lawsuit can be either a "communication" generally under the FDCPA or an "initial communication" under section 1692g. *Nichols* actually supports Cavalry's argument because the defendant in *Nichols* communicated *directly* with the consumer by serving him. *Nichols* simply does not support the notion that 1692g can be triggered by furnishing information to a consumer reporting agency.[2]

Toth does not even attempt to address any of the cases cited in Cavalry's motion, which are directly on point here. Toth only mentions one case cited by Cavalry, *Edeh v. Aargon Collection Agency, LLC*, 2011 WL 2963855 (D. Minn. June 20, 2011), but he does not attempt to distinguish it. Instead, he mistakenly dismisses it by characterizing it as "unpublished" because it is only available on Westlaw. The fact that a decision is available only in a computerized database, such as Westlaw or LEXIS, does not mean the decision is "unpublished," let alone that it cannot be cited as precedential or persuasive authority.[3]

---

[2] Further, section 1692g has been amended to clarify that a formal legal pleading is not an initial communication. *See* 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.") Thus, *Nichols* is no longer good law on this point.

[3] There is "little relevance" whether a decision "is included in a bound volume versus being available on-line." *Welch v. Unum Life Ins. Co. of Am.*, 649 F. Supp. 2d 1220, 1224 (D. Kan. 2009). Thus, decisions only available online carry equal weight to those published in books. *See Francesco v. Beacon Court Condominium*, 2009 WL 174184, *1 n.5 (S.D.N.Y. Jan. 6, 2009) (rejecting suggestion that district court decisions published only on Westlaw or LEXIS are not intended to carry precedential weight of district court decisions published in Federal Supplement or Federal Rules Decisions series). Whether a decision is "unpublished," and thus not citable, is controlled by court rule, not by where the decision can be found. As one court explained, quoting the Seventh Circuit, "'[i]f there is no rule in the court rendering a decision limiting the precedential value of its opinions, those opinions may be cited and are entitled to whatever weight the persuasive force of their reasoning warrants.'" *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F. Supp. 2d 958, 959 n.1 (N.D. Ill. 2000) (denying motion to strike pleading that cited decisions available only on Westlaw where no local rule barred citation), quoting *Aetna Cas. & Surety Co. v. Kerr-McGee Chem Corp.*, 875 F.2d 1252, 1255 n.2 (7th Cir. 1989). Toth has not identified any Court rule prohibiting citation to decisions available only in electronic databases such as

*Edeh*, like the other cases cited in Cavalry's opening brief, all hold that the act of reporting a debt to consumer reporting agencies does **not** trigger the collector's notification obligations under section 1692g(a). *See Edeh*, 2011 WL 2963855 *4; *Robinson v. TSYS Total Debt Managment, Inc.*, 447 F. Supp. 2d 502, 508-09 (D. Maryland 2006) (summary judgment for defendant on § 1692g claim: allegation that Defendant "communicated the debt to Plaintiff's credit report," thus triggering obligation to send § 1692g notice, does not support § 1692g claim "because it is not a communication with a consumer"); *Horvath v. Premium Collection Servs., Inc.*, 2010 WL 1945717, *4 (D. Ariz. May 13, 2010) (unpublished) (dismissing claim under section 1692g; first amended complaint failed to allege debt collector ever communicated with plaintiff); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) (dismissing § 1692g claim where plaintiff only alleged communications between defendant and consumer reporting agencies); *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143, *4 (N.D. Ind. May 5, 2006) (granting summary judgment on § 1692g claim where all communications were with debtor's attorney, not with debtor).

By ignoring these arguments and the authorities, Toth essentially concedes he has no legal support for his claim. *See CR of Rialto, Inc. v. City of Rialto*, 975 F. Supp. 1254, 1263 (C.D. Cal. 1997); *see also Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010).[4]

/ / /

---

Westlaw. Local Rule 7-3 does not prohibit citation to Westlaw, nor does it prohibit citation to unpublished cases. *See* LR 7-3.

[4] Toth also misquotes language from a case that has nothing to do with credit reporting or with section 1692g, *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). The correct quotation from *Clomon* states "[a]t the outset, it should be emphasized that the use of any false, deceptive, or misleading representation in a *collection letter* violates § *1692e*-regardless of whether the representation in question violates a particular subsection of that provision." *See id.* (emphasis added to show misquoted portion). *Clomon* analyzed communications made in a collection letter under section 1692e, and did not involve a section 1692g claim or any reporting activity by the debt collector. Toth's misquotation attempts to broaden the language from *Clomon* to apply to all communications and all sections of the FDCPA, by stating that "[a]t the outset, it should be emphasized that the use of any false, deceptive, or misleading representation in a *communication* with a debtor violates the *FDCPA* regardless of whether the representation in question violates a particular subsection of that provision." *See* Opposition (Doc. No. 9), p. 3:9-12 (emphasis added to show misquoted portion). That is not what the Court in *Clomon* stated, and Toth's misquotation is consistent with his general misunderstanding of the case law on point with his claims.

Toth asks this Court to rule that whenever a collector furnishes information to a consumer reporting agency, this amounts to an "initial communication with the consumer." Not only is Toth's argument contrary to the plain language of the statute and the case law, it makes no sense. Consumer reporting agencies do not transmit the information furnished by Cavalry to consumers as a matter of course.  Rather, consumer reporting agencies only provide information to consumers if they make a request for the information.  Nor do consumer reporting agencies notify collectors like Cavalry when consumers have requested copies of their reports.  Thus, under Toth's theory, the consumer's decision to access his credit report would control when the "initial communication" has occurred, but the collector would not know it had occurred.  Under this theory, a collector would never know when its obligation to provide the section 1692g notice had been triggered.

The plain language of the statute controls here, and the statute makes sense.  Once a collector decides to communicate directly "with the consumer" the collector knows it has an obligation under section 1692g to send that consumer the section 1692g validation notice within 5 days of that initial communication.

Toth concedes in his Opposition that his claims under sections 1692e, 1692e(2), and 1692e(8) all derive from his theory of recovery under 1692g.  As his section 1692g claims fail, so do his claims under sections 1692e, 1692e(2), and 1692e(8).  The Complaint should be dismissed.

/ / /

/ / /

/ / /

### III. Conclusion

For the foregoing reasons, Cavalry respectfully requests that the Court issue an Order dismissing the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Toth has not even attempted to show that he can amend his Complaint to state a valid claim, and therefore the Complaint should be dismissed with prejudice.

Dated this 3rd day of October, 2013.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By /s/ Jessica A. Green
JOSEPH P. GARIN, ESQ. (NV Bar No. 6653)
JESSICA A. GREEN, ESQ. (NV Bar No. 12383)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

CHRISTOPHER M. SPAIN (CA SBN 265465)
*(Pro Hac Vice Pending)*
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816

Attorneys for Defendant Cavalry Portfolio Services

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2013, service of the foregoing **DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ.P.5(b)(3), and Local Rule 5-4, as follows:

George Haines, Esq.
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
*Attorneys for Plaintiff*

_____
An employee of
LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

- 8 -