# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TIM TOTH,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,

    Defendant.

Case No. 2:13-CV-01397

**ORDER**

    Before the Court is Defendant Cavalry Portfolio Services, LLC's ("Defendant") Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) (#6). Plaintiff opposed the Motion (#9), and Defendant replied (#11).

<u>I. Background</u>

    Plaintiff alleges that Defendant reported an allegedly past-due account to credit reporting bureaus, and failed to provide Plaintiff with notice under 15 U.S.C. § 1692g. No further facts are provided by Plaintiff. However, Plaintiff alleges a series of claims against Defendant, each derived from the failure to provide notice under §1692g (#9; 4-5).

///

///

II. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 41(b) states that if a plaintiff "fails to . . . comply with these rules . . . a defendant may move to dismiss the action or any claim against it." When a motion to dismiss is made under Rule 12(b)(6), the Court must construe the facts in the light most favorable to the non-moving party. Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). "To survive [the motion], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Ashcroft v. Iqbal requires a two-prong analysis of the complaint when considering a motion to dismiss. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. Plausibility, in the context of a motion to dismiss, means that a plaintiff has pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. If the allegations state non-conclusory, plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

In this case, the parties do not dispute the only facts alleged: Defendant reported Plaintiff's allegedly past-due account to credit reporting agencies, and did not provide notice under 15 U.S.C. §1692g(a). The question before the Court is whether Defendant triggered the notice requirements of §1692g(a) by reporting Plaintiff's past-due account to credit reporting agencies. If so, it appears that Defendant has violated the statute. If not, Plaintiff has failed to allege facts which support any of the claims before the Court, and his complaint must be dismissed.

The statute at issue here reads in relevant part: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector

2

1  shall . . . send the consumer a written notice containing [specified information]." 15 U.S.C.
2  §1692g(a). As it is undisputed that no notice was provided, the only question remaining is whether
3  Defendant had an "initial communication" with Plaintiff, the consumer[1]. Plaintiff argues that
4  Defendant communicated with Plaintiff "using the credit reporting bureaus as a vehicle" (#9; 4:8-9).
5  In other words, Plaintiff argues that by reporting Plaintiff's past-due account to the credit reporting
6  agencies, Defendant communicated with Plaintiff via those agencies.

7  Although Plaintiff inexplicably avoids referring to the definition of "communication"
8  provided in the statute, he nevertheless bases his argument on this same definition as quoted in case
9  law.[2] Specifically, the term communication "means the conveying of information regarding a debt
10 directly or indirectly to any person through any medium." 15 U.S.C. § 1692a (2). So, applying this
11 language to §1692g, the question becomes: Did Defendant convey information regarding the debt
12 directly or indirectly to Plaintiff through reporting the past-due account to the credit reporting
13 agencies? The Court has not discovered, and Plaintiff has not provided any case law which supports
14 such a staggeringly broad reading of the statute. Such a reading would impose notification
15 requirements any time a creditor made any communication regarding any past due account, in case
16 such information eventually made its way to the debtor.

17 Regardless of policy considerations, the plain language of the statute controls. Defendant
18 conveyed information *to* the credit reporting agencies *about* Plaintiff. That this information
19 eventually made its way to Plaintiff is too far removed from Defendant's act to trigger the notice
20 requirements of §1692g(a).

---

[1] Plaintiff correctly concedes that he is the consumer referred to by the statute (#9; 4:5-10).

[2] Specifically, Plaintiff cites Nichols v. Byrd, 435 F. Supp. 2d 1101, 1106 (D. Nev. 2006), which cites Goldman v. Cohen, 445 F.3d 152, 155 (2d Cir. 2006), both of which quote 15 U.S.C. §1692a(2). However, rather than standing for the proposition that communicating with a credit reporting agency constitutes an "initial communication," these cases clarify that " initiation of a lawsuit may be an initial communication for purposes of § 1692g. Nichols, 435 F. Supp. 2d at 1106. Further, the Court notes that the statute has been amended to exclude legal pleadings from being an "initial communication," making Nichols no longer good law on this point. §1692g(d).

3

IV. Conclusion

      Because Defendant never had an "initial communication" with Plaintiff, Plaintiff has failed to state a claim upon which relief can be granted. Further, given the facts alleged, any amendment would be futile. Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) (#6) is **HEREBY GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice.

      DATED this 16th day of October 2013.

_____
Kent J. Dawson
United States District Judge